UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLONZO ROYSTON, | No. C 12-3665 EMC (pr) |
|     Petitioner, | |
| v. | **ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION AND DISMISSING PETITION WITH LEAVE TO AMEND** |
| RANDY GROUNDS, Warden, | |
|     Respondent. | |
| _____/ | |

Arlonzo Royston, an inmate at the Correctional Training Facility - Soledad, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he claims that the June 24, 2010 determination by the Board of Parole Hearings ("BPH") that he was not suitable for parole violated several of his constitutional rights.

A.  The Motion For Reconsideration

On October 15, 2012, the Court dismissed this action because Petitioner had not paid the filing fee or filed a completed *in forma pauperis* application, despite having been notified of the duty to do so. (Docket # 4.)

On October 25, 2012, Petitioner filed a motion for reconsideration in which he explained that he had paid the filing fee in a timely manner. He attached exhibits showing that (1) he had filled out a trust account withdrawal form, and (2) the $5.00 filing fee had been deducted from his inmate trust account on August 3, 2012 for payment to the "Northern District Ct." Docket # 6, pp. 10-12.

Although the Court never received the payment, Petitioner has demonstrated to the satisfaction of the Court that he caused it to be sent from the prison. The Court will assume for present purposes that the filing fee is in transit to the Court's financial office. The Court therefore

1  **GRANTS** the motion for reconsideration (Docket # 6), and **VACATES** the October 15, 2012 Order of Dismissal and Judgment (Docket # 4 and # 5).  Having vacated the earlier dismissal, the Court now will proceed with the initial review of the petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

B.      Review Of The Petition

The petition alleges the following claims:  (1) Petitioner's right to due process was violated because there was not some evidence to support the denial of parole; (2) Petitioner's Eighth Amendment rights were violated by the BPH's repeated denials of parole based on the commitment offense even though he has done that which is required of him in prison; (3) the BPH's determination that Petitioner will not be considered again for parole for five more years violated the Eighth Amendment; and (4) Petitioner's rights under the Fifth Amendment, Sixth Amendment and the Equal Protection Clause of the Fourteenth Amendment were violated because the BPH panel ignored his psychological evaluation and characterized him as a high-moderate risk rather than the low-moderate risk stated in the psychological evaluation.  *See* Docket # 1, p. 5; Docket # 2, p. 3.

A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted.)  Federal habeas relief is not available for state law errors.  *See id.*

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination.  The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied.  *See Cooke*, 131 S. Ct. at 862.  No Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.*, and the Ninth Circuit erred in holding otherwise.  In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that the parole denial decision be supported by some evidence (or any other quantum of evidence), Petitioner's due process claim is DISMISSED without leave to amend.  Petitioner's lengthy arguments about the

2

1 requirements of state law are irrelevant because, as *Cooke* explained, federal habeas relief is not
2 available for state law errors.
3   Petitioner's claims that the repeated denials of parole and the decision to set his next parole
4 hearing in five years violate his Eighth Amendment right to be free from cruel and unusual
5 punishment also must be dismissed.  Only extreme sentences that are grossly disproportionate to the
6 crime may possibly violate the Eighth Amendment.  *See Harmelin v. Michigan*, 501 U.S. 957
7 (1991).  "Under *Harmelin*, it is clear that a mandatory life sentence for murder does not constitute
8 cruel and unusual punishment."  *United States v. LaFleur*,  971 F.2d 200, 211 (9th Cir. 1992); *cf.*
9 *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012) ("[M]andatory life-without-parole sentences for
10 juveniles violate the Eighth Amendment.").  Even if Petitioner must spend the rest of his life in
11 prison because the BPH will not set a parole date, or even if he must wait many years between
12 parole hearings, his continued imprisonment will not run afoul of the Eighth Amendment.  Life
13 imprisonment for second degree murder committed by an adult[1] is not so disproportionate to the
14 crime that it could be said to amount to cruel and unusual punishment under the Eighth Amendment
15 of the U.S. Constitution.  The Eighth Amendment claims are DISMISSED without leave to amend.
16   Petitioner's final claim requires amendment.  Petitioner alleges that unidentified Fifth
17 Amendment rights, unidentified Sixth Amendment rights, and his right to equal protection were
18 violated when the BPH panel ignored the psychological evaluation and characterized him as being a
19 high-moderate risk .  Docket # 1, p. 5.[2]  His allegations are insufficient to allege a violation of any of
20 those constitutional provisions because he has not explained his legal theory and his alleged facts do
21 not suggest a violation of any of those constitutional provisions.  Leave to amend will be granted so
22 that Petitioner may attempt to allege a claim upon which relief may be granted.  He must provide a
23 more elaborate description of the facts so as to comply with the requirement that the petition "state

---

[1]  According to the record, Royston was 20 years old at the time of the murder.  *See* Docket # 1-1, p. 45.

[2]  The petition's statement of supporting facts for this claim stated in its entirety:  "The petitioner was deneid a release date by the panel, due to lack of remorse, and commitment offense and they took it among themself's to change the petitioner's low-moderate, to high-moderate by psyc report, see transcript."  Docket # 1, p. 5 (errors in source).  Petitioner does not identify the page in the transcript where the BPH changed his psychological evaluation.

the facts supporting each ground" for relief.  *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity).  Petitioner also must elaborate on his legal theories.  Because both the Fifth and Sixth Amendments cover many different rights, Petitioner must specify in his amended petition the particular Fifth Amendment right(s) and the particular Sixth Amendment right(s) that were violated, and explain how the BPH's actions violated each such right.  He also must explain how the BPH violated his right to equal protection.  He should cite any case authority he has in support of his contention that the BPH's actions violated his Fifth Amendment, Sixth Amendment, and/or equal protection rights.

For the foregoing reasons, the petition is dismissed with leave to file an amended petition no later than **December 7, 2012**.  The amended petition should have this case caption and case number on the first page and should be clearly marked "Amended Petition."  Failure to file the amended petition by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: November 13, 2012

_____
EDWARD M. CHEN
United States District Judge