UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLONZO ROYSTON,<br><br>Petitioner,<br><br>v.<br><br>RANDY GROUNDS, Warden,<br><br>Respondent. | No. C-12-3665 EMC (pr)<br><br>**ORDER OF DISMISSAL** |

Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he claimed that the June 24, 2010 determination by the Board of Parole Hearings ("BPH") that he was not suitable for parole violated several of his constitutional rights.

The Court conducted an initial review of the petition and dismissed it with partial leave to amend. *See* Docket # 7. The Court dismissed without leave to amend the claims for violations of Petitioner's right to due process and his Eighth Amendment rights. *See id.* at 2-3. The Court dismissed with leave to amend the claims for violations of Petitioner's Fifth Amendment rights, Sixth Amendment rights and rights under the Fourteenth Amendment's Equal Protection Clause. *See id.* at 3-4. As to the Fifth Amendment, Sixth Amendment and Equal Protection Clause claims, the court explained that the allegations in the petition were insufficient because Petitioner had not explained his legal theories and his factual allegations did not suggest a violation of any of those constitutional provisions. *Id.* at 3. The Court instructed Petitioner that, "[b]ecause both the Fifth and Sixth Amendments cover many different rights, Petitioner must specify in his amended petition the particular Fifth Amendment right(s) and the particular Sixth Amendment right(s) that were violated, and explain how the BPH's actions violated each such right. He also must explain how the

1  BPH violated his right to equal protection.  He should cite any case authority he has in support of his
2  contention that the BPH's actions violated his Fifth Amendment, Sixth Amendment, and/or equal
3  protection rights." *Id.* at 4.

4  Petitioner then filed an amended petition, which is now before the Court for review pursuant
5  to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States
6  District Courts.

7  First, Petitioner alleged in his amended petition that the parole denial violated his right to
8  equal protection because the BPH panel "clearly discriminated on the petitioner due to the
9  committed offense."  Docket # 8, p. 3.  He urged that the BPH treated him differently in stating that
10 his psychological evaluation overall risk assessment was "high" when the psychological evaluation
11 actually stated it was "low."  *Id.*  The claim is meritless on the law and the facts.  Assuming
12 arguendo that the BPH did change his psychological evaluation rating, doing so would not amount
13 to an equal protection violation because there is no allegation that Petitioner was treated differently
14 than someone similarly situated to him.  *See generally City of Cleburne v. Cleburne Living Center*,
15 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands
16 that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which
17 is essentially a direction that all persons similarly situated should be treated alike.")   The claim also
18 is factually meritless because the BPH decision and the psychological report do not show that the
19 BPH changed the psychological evaluation.  Instead, the BPH Commissioner's comment reflects
20 that the panel believed that anything other than a rating of "low" on the risk assessment was
21 unfavorable to the prisoner's parole prospects.  *See* Docket # 8, p. 79.  The Commissioner correctly
22 noted that Petitioner was in the "low range of psychopathy" on one test and in the "moderate range
23 for risk of future violence" on another test – both of which were accurate recitations of the
24 psychological report.  *Id.; see id.* at 96-98.  The BPH Commissioner then opined that the "moderate"
25 rating was "high as far as the Panel is concerned because any time it's higher than low, we have to
26 question your ability to refrain from violent recidivism."  *Id.* at 79.  That statement did not convert
27 the psychological evaluation into rating Petitioner as a "high" risk, but instead was a permissible
28 opinion that a convicted murderer who was evaluated as presenting a moderate risk for violence (or

1 a low-moderate risk overall) presented too high a risk of violence to be paroled from prison. The
2 equal protection claim is dismissed without leave to amend.

3       Second, Petitioner alleged that the parole denial violated his rights under the Double
4 Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. In Petitioner's view, the BPH's
5 continued reliance on the commitment offense to deny parole amounted to multiple punishments for
6 a single offense. *See* Docket # 8, p. 4. This claim has no legal merit because a denial of parole is
7 not punishment for double jeopardy purposes. *See Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir.
8 1983) (denial of parole "is neither the imposition nor the increase of a sentence, and it is not
9 punishment for purposes of the Double Jeopardy Clause"). Petitioner's sentence on his second
10 degree murder conviction was 15-to-life and the BPH's decision did not increase the punishment
11 beyond that set when he was sentenced. This claim is dismissed without leave to amend.

12       Third, Petitioner alleged that the denial of parole violated his rights under the Sixth
13 Amendment because "the panel was not fair in their decision or decision making when it came to
14 petitioner's suitability." Docket # 8, pp. 4-5. This is essentially a restatement of Petitioner's due
15 process argument that the evidence did not support the decision to deny him parole. *Swarthout v.*
16 *Cooke*, 131 S. Ct. 859, 861 (2011), compels rejection of this claim. *Cooke* stated that the Due
17 Process Clause did not provide any right to any particular quantum of evidence supporting the parole
18 denial; Petitioner cannot avoid the reach of that case by merely recasting his challenge to the
19 evidence as a Sixth Amendment claim rather than as a due process claim. The only two procedural
20 rights the Supreme Court has recognized in the context of parole suitability hearings are an
21 opportunity to be heard and a statement of the reasons why parole was denied. *See Cooke*, 131 S.
22 Ct. at 862. The hearing transcript submitted by Petitioner plainly shows that Petitioner was afforded
23 both those rights. The Sixth Amendment claim is dismissed without leave to amend.
24 ///
25 ///
26 ///
27 ///
28 ///

3

This action is dismissed because Petitioner failed to state a claim upon which federal habeas relief may be granted. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: January 2, 2013

_____
EDWARD M. CHEN
United States District Judge