**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    ARLONZO ROYSTON,                              No. C-12-3665 EMC (pr)

9              Petitioner,

10        v.                                       **ORDER OF DISMISSAL**

11   RANDY GROUNDS, Warden,

12             Respondent.
     _____/

13

14        Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C.

15   § 2254.  In his petition, he claimed that the June 24, 2010 determination by the Board of Parole

16   Hearings ("BPH") that he was not suitable for parole violated several of his constitutional rights.

17        The Court conducted an initial review of the petition and dismissed it with partial leave to

18   amend.  *See* Docket # 7.  The Court dismissed without leave to amend the claims for violations of

19   Petitioner's right to due process and his Eighth Amendment rights.  *See id.* at 2-3.  The Court

20   dismissed with leave to amend the claims for violations of Petitioner's Fifth Amendment rights,

21   Sixth Amendment rights and rights under the Fourteenth Amendment's Equal Protection Clause.

22   *See id.* at 3-4.  As to the Fifth Amendment, Sixth Amendment and Equal Protection Clause claims,

23   the court explained that the allegations in the petition were insufficient because Petitioner had not

24   explained his legal theories and his factual allegations did not suggest a violation of any of those

25   constitutional provisions.  *Id.* at 3.  The Court instructed Petitioner that, "[b]ecause both the Fifth

26   and Sixth Amendments cover many different rights, Petitioner must specify in his amended petition

27   the particular Fifth Amendment right(s) and the particular Sixth Amendment right(s) that were

28   violated, and explain how the BPH's actions violated each such right.  He also must explain how the

**United States District Court**
For the Northern District of California

BPH violated his right to equal protection.  He should cite any case authority he has in support of his contention that the BPH's actions violated his Fifth Amendment, Sixth Amendment, and/or equal protection rights." *Id.* at 4.

Petitioner then filed an amended petition, which is now before the Court for review  pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

First, Petitioner alleged in his amended petition that the parole denial violated his right to equal protection because the BPH panel "clearly discriminated on the petitioner due to the committed offense."  Docket # 8, p. 3.  He urged that the BPH treated him differently in stating that his psychological evaluation overall risk assessment was "high" when the psychological evaluation actually stated it was "low." *Id.*  The claim is meritless on the law and the facts.  Assuming arguendo that the BPH did change his psychological evaluation rating, doing so would not amount to an equal protection violation because there is no allegation that Petitioner was treated differently than someone similarly situated to him. *See generally City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike.")  The claim also is factually meritless because the BPH decision and the psychological report do not show that the BPH changed the psychological evaluation.  Instead, the BPH Commissioner's comment reflects that the panel believed that anything other than a rating of "low" on the risk assessment was unfavorable to the prisoner's parole prospects. *See* Docket # 8, p. 79.  The Commissioner correctly noted that Petitioner was in the "low range of psychopathy" on one test and in the "moderate range for risk of future violence" on another test – both of which were accurate recitations of the psychological report. *Id.; see id.* at 96-98.  The BPH Commissioner then opined that the "moderate" rating was "high as far as the Panel is concerned because any time it's higher than low, we have to question your ability to refrain from violent recidivism." *Id.* at 79.  That statement did not convert the psychological evaluation into rating Petitioner as a "high" risk, but instead was a permissible opinion that a convicted murderer who was evaluated as presenting a moderate risk for violence (or

**United States District Court**
For the Northern District of California

1   a low-moderate risk overall) presented too high a risk of violence to be paroled from prison.  The

2   equal protection claim is dismissed without leave to amend.

3         Second, Petitioner alleged that the parole denial violated his rights under the Double

4   Jeopardy Clause of the Fifth Amendment to the U.S. Constitution.  In Petitioner's view, the BPH's

5   continued reliance on the commitment offense to deny parole amounted to multiple punishments for

6   a single offense.  *See* Docket # 8, p. 4.  This claim has no legal merit because a denial of parole is

7   not punishment for double jeopardy purposes.  *See Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir.

8   1983) (denial of parole "is neither the imposition nor the increase of a sentence, and it is not

9   punishment for purposes of the Double Jeopardy Clause").  Petitioner's sentence on his second

10  degree murder conviction was 15-to-life and the BPH's decision did not increase the punishment

11  beyond that set when he was sentenced.  This claim is dismissed without leave to amend.

12        Third, Petitioner alleged that the denial of parole violated his rights under the Sixth

13  Amendment because "the panel was not fair in their decision or decision making when it came to

14  petitioner's suitability."  Docket # 8, pp. 4-5.  This is essentially a restatement of Petitioner's due

15  process argument that the evidence did not support the decision to deny him parole.  *Swarthout v.*

16  *Cooke*, 131 S. Ct. 859, 861 (2011), compels rejection of this claim.  *Cooke* stated that the Due

17  Process Clause did not provide any right to any particular quantum of evidence supporting the parole

18  denial; Petitioner cannot avoid the reach of that case by merely recasting his challenge to the

19  evidence as a Sixth Amendment claim rather than as a due process claim.  The only two procedural

20  rights the Supreme Court has recognized in the context of parole suitability hearings are an

21  opportunity to be heard and a statement of the reasons why parole was denied.  *See Cooke*, 131 S.

22  Ct. at 862.  The hearing transcript submitted by Petitioner plainly shows that Petitioner was afforded

23  both those rights.  The Sixth Amendment claim is dismissed without leave to amend.

24  ///

25  ///

26  ///

27  ///

28  ///

1    This action is dismissed because Petitioner failed to state a claim upon which federal habeas

2   relief may be granted.  The Clerk shall close the file.

3

4    IT IS SO ORDERED.

5

6   Dated:  January 2, 2013

7   _____

8   EDWARD M. CHEN
    United States District Judge

**United States District Court**
For the Northern District of California